In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-420 CR


____________________



JOSEPH ERIC PATTUM, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 260th District Court


Orange County, Texas


Trial Cause No. D-050225-R






 MEMORANDUM OPINION 


 A jury convicted appellant Joseph Eric Pattum of felony evading detention or arrest 
and assessed punishment at two years of confinement in a State Jail facility and a $7,500.00
fine. (1) In this appeal, Pattum challenges the legal and factual sufficiency of the evidence
supporting his conviction. We affirm.


Background


 Officer James Earl Davis, Jr. of the Orange Police Department testified that on
February 24, 2005, dispatch sent him to the Oaks area of Orange to attempt to locate a silver
Pontiac Grand Am. Officer Davis was wearing his uniform and driving a marked patrol
vehicle equipped with lights and sirens. Upon initially driving through the Oaks area, Officer
Davis saw a silver Pontiac Grand Am, but the first three characters of the vehicle's license
plate did not match those of the license plate number Officer Davis had obtained from
dispatch. (2) Officer Davis decided to pass through the area a second time, and as he
approached the area of Cypress and Simmons, he saw the same vehicle again pass in front
of him, so he decided to check it again. As the vehicle passed him, Officer Davis observed
that the driver was a large, black male wearing a blue upper garment. Officer Davis testified
that with the exception of the black male driving the Grand Am, he did not see any other
occupants. Officer Davis pulled onto the street and quickly accelerated, but he could not
catch the Grand Am. Officer Davis followed the Grand Am onto Park Street, and he
maintained a high rate of speed in an attempt to overtake the Grand Am. Officer Davis
described the area as residential, and he stated that although his speed was approximately
fifty-five miles per hour, he could not catch the Grand Am. Officer Davis unsuccessfully
attempted to cut the Grand Am off at Fifth Street, and he could see the end of the Grand
Am as he approached John Street. As Officer Davis turned onto Fifth Street from John
Street, he activated his emergency lights and siren to attempt to stop the driver. Officer
Davis testified that the driver had a direct view of the patrol vehicle with its lights
activated. According to Officer Davis, the Grand Am ran two stop signs during the
pursuit. Officer Davis estimated he pursued the Grand Am for about fourteen blocks before
he activated his lights. 

 As Officer Davis approached the area of Second and Burton, he attempted to slow
down, and Officer Davis almost had an accident after his vehicle began to skid. Officer
Davis lost sight of the Grand Am at that time. As Officer Davis continued down Second
Street toward Morrell, he saw the Grand Am with no one inside and stopped in the middle
of the road. Officer Davis exited his vehicle and observed a white vehicle, whose driver
began honking. The driver of the white vehicle pointed toward Schley, so Officer Davis
began running in that direction. Officer Davis then observed a black male wearing a blue
shirt, and Officer Davis began running after him. Although Officer Davis told the subject
to stop, the subject began to run. According to Officer Davis, the subject took his shirt off
and threw it on the ground. Officer Davis testified that the shirt the subject removed was the
same color as the shirt he saw the driver of the Grand Am wearing. At trial, Officer Davis
identified Pattum as the individual driving the car that he chased that day. 

 As Officer Davis continued to chase Pattum, Pattum became winded and stopped
running. Drawing his gun, Officer Davis told Pattum to get on the ground, and Pattum
responded with an obscenity and began running again. Officer Davis eventually sprayed
Pattum with pepper spray and instructed him to get on the ground. However, Pattum again
turned toward Officer Davis, so he sprayed Pattum again with pepper spray and pushed him
onto the ground. Officer Davis informed Pattum he was under arrest for evading detention
in a vehicle. 

 Officer Davis testified his vehicle is equipped with a videotape recorder, and he
identified State's Exhibit No. 2 as an accurate depiction of his pursuit of Pattum. According
to Officer Davis, the videotape recorder is activated when he turns on his lights. However,
Officer Davis testified that the camera does not actually start recording until approximately
five seconds after he activates his lights. Officer Davis acknowledged the videotape does not
show the silver Grand Am because the driver turned before the recording began. 

Pattum's Issue


 Pattum's sole issue challenges the legal and factual sufficiency of the evidence
supporting his conviction. In reviewing issues of legal sufficiency, an appellate court views
the evidence in the light most favorable to the verdict to determine whether a rational fact
finder could have found each element of the offense beyond a reasonable doubt. Swearingen
v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (citing Jackson v. Virginia, 443 U.S.
307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). In reviewing factual sufficiency, we consider
all of the evidence in a neutral light and determine whether the jury was rationally justified
in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004). The evidence may be factually insufficient in two ways: 

 First, when considered by itself, evidence supporting the verdict may be too
weak to support the finding of guilt beyond a reasonable doubt. Second, there
may be both evidence supporting the verdict and evidence contrary to the
verdict. Weighing all the evidence under this balancing scale, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard
could not have been met, so the guilty verdict should not stand. This standard
acknowledges that evidence of guilt can "preponderate" in favor of conviction
but still be insufficient to prove the elements of the crime beyond a reasonable
doubt. Stated another way, evidence supporting guilt can "outweigh" the
contrary proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 


Id. at 484-85. An appellate court "must give due deference to the fact finder's determinations
concerning the weight and credibility of the evidence. . . ." Swearingen, 101 S.W.3d at 97. 
It is the sole province of the jury to determine the credibility of witnesses and to weigh
contradictory testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).

 Section 38.04 of the Penal Code provides:

 (a) A person commits an offense if he intentionally flees from a person he
knows is a peace officer attempting lawfully to arrest or detain him.

 (b) An offense under this section is a Class B misdemeanor, except that the
offense is:

 (1) a state jail felony if the actor uses a vehicle while the
actor is in flight and the actor has not been previously
convicted under this section[.]


Tex. Pen. Code Ann. § 38.04 (Vernon 2003). 

 Officer Davis testified that the driver of the Grand Am was a large, black male
wearing a blue garment. Officer Davis could not catch the Grand Am despite driving
approximately fifty-five miles per hour through a residential area, and because the Grand Am
ran two stop signs. Officer Davis activated his emergency lights and siren after pursuing
the Grand Am for approximately fourteen blocks. The driver of the Grand Am had a
direct view of Officer Davis's patrol vehicle with its lights activated. After Officer Davis
found the Grand Am in the middle of the road with no one inside, he saw a black male in
a blue shirt running. The black male removed his shirt, threw it on the ground, and
continued to run until Officer Davis sprayed him with pepper spray. Officer Davis
testified the shirt the black male removed was the same color as the shirt worn by the
driver of the Grand Am. Officer Davis identified Pattum as the subject in the Grand Am
that he had pursued. 

 Viewing the evidence in the light most favorable to the verdict, a rational jury could
have found Pattum guilty of felony evading detention or arrest in a vehicle. See id.; see
also Swearingen, 101 S.W.3d at 95. The evidence is legally sufficient to support the
verdict. Furthermore, the evidence supporting the verdict is not too weak, nor is the
contrary evidence so strong that the burden of proof could not be met. See Zuniga, 144
S.W.3d at 484-85. The evidence is factually sufficient to support the verdict. We
overrule Pattum's issue and affirm the trial court's judgment.

 AFFIRMED. 




 

 HOLLIS HORTON

 Justice

 

Submitted on April 20, 2006

Opinion Delivered May 31, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Pattum stipulated to prior convictions for aggravated assault and evading detention. 
However, we note that Pattum was charged with a state jail felony, not a third-degree felony. 
See Tex. Pen. Code Ann. § 38.04(b)(1) (Vernon 2003) (Evading arrest or detention is a state
jail felony if the actor uses a vehicle while in flight and he "has not been previously
convicted under this section."); Tex. Pen. Code Ann. § 38.04(b)(2) (Evading arrest or
detention is a third-degree felony if the actor uses a vehicle while he is in flight "and the
actor has been previously convicted under this section.").
2. Dispatch had transposed the first three characters of the license plate with the last
three characters.